IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEXTER JOHNSON**                                                                                       **PETITIONER**

**V.**                                                                                    **NO. 4:17-CV-117-DMB-JMV**

**WARDEN TIMOTHY OUTLAW, et al.**                                                          **RESPONDENTS**

## ORDER

Before the Court is Dexter Johnson's petition for a writ of habeas corpus. Doc. #1.

### I
### Procedural History

On October 4, 2007, Dexter Johnson was convicted of kidnapping and murder in the Circuit Court of Bolivar County, Mississippi. Doc. #9-1 at 82–83. On November 5, 2007, he was sentenced to life imprisonment without parole for the crime of murder and thirty years imprisonment for the crime of kidnapping, to run concurrently with the life sentence. *Id*. at 96–97.

With the assistance of counsel, Johnson appealed his conviction and sentence on two grounds: (1) his trial counsel was deficient by failing to challenge the admissibility of his confession to the crime and by twice failing to move for a mistrial following the dismissal of jurors; and (2) the trial court improperly dismissed two jurors without cause. Doc. #9-9 at PageID 995–1002. On appeal, the Mississippi Court of Appeals summarized the factual record as follows:

> On the afternoon of August 1, 2005, Robert Hill Smith and JimBuck Frazier were riding in Frazier's car, when they passed Johnson's home. Spying Smith in the car, Johnson followed the men because Smith owed him approximately $65. Johnson stopped Frazier and Smith and approached the car with a gun in his hand. Johnson got into the back seat of Frazier's car and ordered Smith to give him the money he owed, pointing the gun at Smith's leg. Johnson then forced Smith to get into Johnson's car, and they drove away. Frazier did not see Smith and Johnson again.

> The following morning, a Bolivar County road worker cutting grass on Cut–Off Road found Smith's dead body in a corn field. Smith had been shot several times: twice in the arm, three times in the back, and once in the back of the head. There were also abrasions on the left side of his face. Upon hearing of Smith's death, Frazier contacted law enforcement and gave a statement about the incident that had occurred the previous day. Johnson was arrested, and he provided a statement to police, confessing that he shot Smith. Johnson admitted that he abducted Smith at gunpoint, but claimed that he only intended to "scare" Smith into giving him the money. When the two men reached Cut-off Road, Smith started fighting with him. During the tussle, Johnson felt Smith "poke" him with an object. He responded by shooting Smith and dragging his body into the corn field. Although Johnson originally said he disposed of the gun in a nearby lake, Johnson later directed law enforcement to a boarding house he occasionally frequented, where they found a loaded gun that matched the 9 millimeter shell casings found near Smith's body at the crime scene.

*Johnson v. State*, 196 So. 3d 973, 974–75 (Miss. Ct. App. 2015) (paragraph numbering omitted). The Mississippi Court of Appeals rejected Johnson's asserted grounds, holding that (1) the decision not to challenge the admissibility of his confession "was within the ambit of trial strategy" and even if it was not, there was no evidence the confession would have been suppressed by the trial court; (2) Johnson failed to show that he suffered prejudice from the dismissal of the two jurors and that if counsel had moved for a mistrial, the result of the proceedings would have been different; and (3) the trial court did not abuse its discretion in dismissing the jurors. *Id*. at 976–78. The Mississippi Supreme Court denied certiorari on August 11, 2016. *Johnson v. State*, 202 So. 3d 1269 (Miss. 2016).

On February 1, 2017, Johnson, proceeding pro se, filed with the Mississippi Supreme Court a motion seeking leave to file in the trial court a petition for post-conviction relief. Doc. #9-11 at PageID #1111. The proposed petition raised seven claims for relief: (1) "whether the Trial Court abused its discretion by dismissing two jurors during the trial;" (2) "whether the Assistant Attorney for the State and Investigators … committed conspiracy to strengthen their case … in order to get a conviction;" (3) "whether the State failed to prove its case beyond a reasonable doubt as required

2

by Due Process Clause;" (4) "whether the Petitioner received ineffective assistance of counsel in violation of his 6th Amendment Rights" based on the conduct of his trial counsel ; (5) "whether the Petitioner was denied his right to confront his accusers as required by Sixth Amendment;" (6) "whether investigators … seized the Petitioner during the interrogation and obtained the alleged confession statement … in violation of due process of the 14th Amendment [and] tampered with the evidence;" and (7) "whether the alleged confession statement was voluntary and involuntary entered." *Id.* at PageID #1116–17, 1133 (cleaned up). The Mississippi Supreme Court denied Johnson's motion on February 15, 2017, finding that "the claims … fail to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." Doc. #8-2.

On or about August 3, 2017, Johnson filed in the United States District Court for the Northern District of Mississippi a petition for a writ of habeas corpus. Doc. #1. The petition raises three grounds for relief: (1) "[w]hether Johnson was denied his right to effective assistance of counsel" during his trial (Ground One); (2) "[w]hether the trial court abused its discretion by dismissing two jurors during the trial" (Ground Two); and (3) "[w]hether the petitioner received ineffective assistance of counsel on his first appeal" (Ground Three). Doc. #1 at 5–8. The respondents, at the direction of United States Magistrate Judge Jane M. Virden, filed a response to the petition on September 10, 2018. Doc. #8. Johnson filed a traverse on or about October 12, 2018. Doc. #10.

## II
## Habeas Standard of Review

Except in those rare instances when exhaustion of state remedies is excused, section 2254 "does not permit a federal court to grant a habeas application unless the applicant can show legal error under § 2254(d)(1) or factual error under § 2254(d)(2)." *Lewis v. Thaler*, 701 F.3d 783, 791 (5th Cir. 2012). To establish legal error, "the applicant must show that the state court adjudication

3

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (quotation marks omitted). "To establish factual error … the applicant must show that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (quotation marks omitted).

## III
## Ground One:  Ineffective Assistance of Trial Counsel

In support of Ground One, Johnson's petition claims he "was denied effective assistance of counsel due to counsel's decision not to challenge the admissibility of his taped confession through a motion to suppress, and his failure to move for a mistrial after the dismissal of two jurors." Doc. #1 at 5. However, the accompanying memorandum identifies nine alleged deficiencies:  (1) failure to move to suppress the confession; (2) failure to "call an expert witness to help prove that the [confession] tape had been tampered with;" (3) failure "to move for a mistrial when the states [sic] expert witness concluded that the gun[]in question was not the murder weapon;" (4) failure "to investigate the possibility that Investigator Griffin and the victim was [sic] related;" (5) failure "to object to the testimony of Investigator Glimer who gave testimony outside his expertise;"[1] (6) failure "to subpoena Alice Smith, the person who transcribed the tape in a transcript;" (7) failure "to prepare a defense;" (8) "failure to investigate the circumstances of the case;" and (9) failure "to object to the dismissal of juror #10." Doc. #1-1 at 16–17 (cleaned up). In addition, Johnson argues that his counsel was defective for failing to move for a mistrial following the dismissal of two jurors; not allowing him to testify; failing to conduct pre-trial testimony "concerning a 'Gun Ballistic Test' and report and a video camera;" and denying him

---

[1] The respondents represent that the spelling of this investigator's last name is Gilmer. Doc. #8 at 9 n.6. This is the way the name appears in court records. *See* Doc. #9-1 at PageID 185.

4

"his right to confront his accusers." *Id*. at 11, 13–15.

The respondents argue that each ground fails on the merits and that Johnson failed to exhaust his state court remedies with respect to his

> claims of ineffectiveness regarding failure of trial counsel to conduct pre-trial discovery; failure of trial counsel to investigate the gun ballistic test and alleged video camera in the interview room; failure of trial counsel to allow Johnson to testify; failure of trial counsel in denying Johnson's right to confront his accusers; and failure to move for a mistrial regarding any allegation that the gun was not the murder weapon.

Doc. #8 at 14.

### A. Exhaustion and Procedural Default

Under § 2254:

> [A court] may not grant habeas relief to a state prisoner unless the applicant has exhausted the remedies available in the courts of the State or state process is absent or ineffective. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.

*Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019) (cleaned up). A claim is said to be procedurally defaulted if it has not been exhausted "and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred." *Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005).

> If a claim is merely unexhausted but not procedurally defaulted, then, absent waiver by the state, a district court must either dismiss the federal petition or stay the federal proceeding while the petitioner exhausts the unexhausted claim in state court. But if a claim is both unexhausted and procedurally defaulted, then a district court may deny the federal petition outright.

*Norman v. Stephens*, 817 F.3d 226, 231 n.1 (5th Cir. 2016). However, dismissal based on procedural default is improper if a habeas petitioner can "show cause for the default and actual prejudice, or that a miscarriage of justice will occur if the federal court does not consider the claim." *Gonzales v. Davis*, 924 F.3d 236, 242 (5th Cir. 2019).

5

Comparing Johnson's state court filings to the grounds at issue here, it appears Johnson failed to exhaust the following elements of Ground One: (1) failure to conduct pretrial discovery or investigate facts other than those connected to the alleged relationship between investigators and the victim; (2) failure to allow him to testify; (3) failure to allow him to "confront" his accusers; and (4) failure to move for a mistrial on the ground that the relevant firearm was not the murder weapon. There is no dispute that these grounds would be procedurally barred in state court and, therefore, are properly deemed procedurally defaulted. *See Nelson v. Davis*, 952 F.3d 651, 662 (5th Cir. 2020) ("If a petitioner has not exhausted the available state remedies for his claim, that claim is procedurally defaulted and a federal court ordinarily cannot consider it on habeas review."). Because Johnson has made no effort to show that the procedural default should be excused as to such claims, the Court may not grant relief on such grounds.

### B. Johnson's Ground One Arguments

"To prevail on an ineffective assistance of counsel claim, a defendant must satisfy the test from *Strickland v. Washington*, 466 U.S. 668 (1984), by showing that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficient performance caused him prejudice." *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (cleaned up). "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (internal quotation marks omitted).

#### 1. Failure to move to suppress confession

Johnson argues his trial counsel was deficient for failing to seek suppression of "the alleged confession statement given by the Petitioner who was forced and beaten into[] admitting that he killed the victim." Doc. #1-1 at 7. Whether the failure to seek suppression of a confession amounts

6

to prejudice under *Strickland* "depends on whether either a suppression motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).

The Fifth Amendment, as incorporated against the states, prohibits the admission of involuntary confessions. *Murray v. Earle*, 405 F.3d 278, 288 (5th Cir. 2005). Statements obtained through physical coercion are, by definition, involuntary and thus inadmissible. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

While Johnson argues his confession was involuntary because he was beaten, there is simply no evidence, beyond Johnson's self-serving statements, that any beating occurred. The interviewing officer testified unambiguously that Johnson was "[a]bsolutely not touched." Doc. #9-5 at PageID 672. In the absence of any evidence to the contrary,[2] Johnson cannot show that he would have succeeded in suppressing his confession. *See United States v. Thompson*, No. 11-70, 2015 WL 4139292, at *8–9 (E.D. La. July 8, 2015) (no prejudice from failure to move to suppress based on involuntary statement where officers testified as to voluntariness and petitioner offered only "post-hoc assertion[s]" to the contrary).

### 2. Failure to call expert witness regarding confession tape

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *United States v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014). To show ineffective assistance based on the failure to call an expert witness, a petitioner must "nam[e] the witness, demonstrate[e] that the witness was available to testify and would have done so, set[] out the content of the witness's proposed

---

[2] Johnson makes much of the fact that notes from the interview state that the interview lasted seventeen minutes but the recording lasted approximately fourteen. Johnson suggests that the missing portion of the tape is evidence of the beating. However, the officer testified that he did not turn off the recording and that the times provided in the notes were merely estimates based on "glances" at his watch. Doc. #9-5 at PageID 658, 665.

testimony, and show[] that the testimony would have been favorable to a particular defense." *Carter v. Stephens*, 805 F.3d 552, 555 n.1 (5th Cir. 2015). Johnson has made no such showing with respect to his claim premised on the failure to call an expert regarding the confession tape. He simply argues that an unnamed expert witness "could have enlighten[ed] the Jury and help prove that the State … tampered with the evidence." Doc. #1-1 at 25. This claim must fail.

### 3. Failure to move for mistrial because gun was not murder weapon

As explained above, Johnson procedurally defaulted his claim regarding the failure to move for a mistrial because the gun was not the murder weapon.

### 4. Failure to investigate relationship between investigator and victim

Johnson next argues his trial counsel was deficient for failing to investigate the possibility that one of the investigators (Charles Griffin) was a cousin of the victim. Doc. #1-1 at 22–23. To prevail on an ineffective assistance claim premised on a failure to investigate, a petitioner must "allege *with specificity* what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014). Johnson has failed to identify how any such relationship would have altered the outcome of the trial. Regardless, the record shows that during the testimony of Gilmer, Johnson's counsel raised the issue of the relationship between Griffin and the victim. Doc. #9-5 at PageID 670. Gilmer testified that Griffin and the victim were not related "by blood or anything" but that someone in Griffin's family was "connected to" someone in the victim's family, "but not by marriage or anything of that nature." *Id*. Because such information was known to the jury, it necessarily would not have altered the outcome of the trial.

### 5. Failure to object to testimony outside expertise

Johnson next contends his counsel was deficient for failing to "object to Investigator

8

Glimer's Testimony concerning the discrepancies in the cassette tape" as allegedly outside the scope of his expertise. Doc. #1-1 at 25. Under Mississippi law, a witness may offer an expert opinion if the expert is qualified to offer the opinion and the opinion itself is reliable. Miss. R. Evid. 702. If the witness is not qualified as an expert, he may offer a lay opinion if the opinion is based on his perception, is helpful to the trier of fact, and is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Miss. R. Evid. 701. "The distinction between lay and expert testimony is that lay testimony results from a process of reasoning familiar in everyday life, whereas expert testimony results from a process of reasoning that can only be mastered by specialists in the field." *United States v. York*, 600 F.3d 347, 360–61 (5th Cir. 2010).

The Court has reviewed the identified testimony of Investigator Gilmer regarding the tape of Johnson's confession. Although Johnson advances no specific argument, it appears he is challenging the portion of Gilmer's testimony in which Gilmer explains what ellipsis in the transcript of Johnson's confession mean. Specifically, Gilmer testified that the ellipses in the transcript represented inaudible portions because "[s]ome of these tapes have actual bad spots in them, or the defendant doesn't speak loud enough[.] Whenever the transcriber cannot completely understand what is being said, they'll put those dots in there to indicate those areas." Doc. #9-4 at PageID 614. To the extent this may be deemed an opinion, it is properly deemed a lay opinion because it employs a method of reasoning which could be understood by a lay person—because inaudible portions of a transcript are reflected by ellipses, the ellipses in this transcript reflect inaudible portions.

### 6. Failure to subpoena reporter

Johnson argues his counsel was ineffective for failing to subpoena the person who transcribed the tape of his confession. Doc. #1-1 at 19, 22. He has not, however, shown that the

reporter (Alice Smith) was available to testify, what she would have testified to, or how such testimony would have assisted his defense. This claim fails. *Bernard*, 762 F.3d at 472.

### 7. Failure to prepare defense

To the extent Johnson's argument that his attorney "failed to prepare a defense" is intended to encompass grounds not specifically enumerated in Johnson's petition, the argument is rejected as improperly vague.

### 8. Failure to investigate circumstances of case

As explained above, Johnson's argument that his counsel failed to "investigate the circumstances of the case" is rejected as procedurally defaulted.

### 9. Failure to object to dismissal of Juror #10

As explained in more detail below, the trial court dismissed Juror #10 and replaced her with the first alternate. Because, for the reasons discussed below, Johnson cannot show the dismissal of the juror was improper, he cannot show his counsel was deficient for failing to object to the dismissal. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions.").

### 10. Failure to move for mistrial

Johnson also argues his counsel was ineffective for failing to move for a mistrial based on the separate excusals of two jurors. Doc. #1-1 at 11. Johnson argues the failure to seek a mistrial deprived him of the ability to "have the issue reviewed on Appeal." *Id*.

Where a petitioner argues ineffective assistance based on a failure to move for a mistrial he must show, at a minimum, that had an objection been made, it would have resulted in a mistrial. *Pratt v. Cain*, 142 F.3d 226, 223 (5th Cir. 1998) ("[H]ad an objection been made, it would not have resulted in a mistrial…. There was no prejudice."). Even then, the petitioner must show that

10

the decision was "nonstrategic." *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008). This inquiry "necessarily requires a consideration of whether a mistrial would have been in [the defendant's] best interests, strategically or otherwise." *Escobedo v. Lund*, 760 F.3d 863, 870 (8th Cir. 2014).

Under Mississippi law, "[a] trial judge need declare a mistrial only when there is an error in the proceedings resulting in substantial and irreparable prejudice to the defendant's case." *Ambrose v. State*, 254 So. 3d 77, 116 (Miss. 2018). When a juror is excused for good cause and replaced by an alternate, a mistrial is only warranted when a defendant can "show actual prejudice from the exclusion and substitution." *Id*. Ordinarily, no prejudice will exist when the alternate "heard all of the evidence presented." *Id*. at 119.

There is no dispute that both alternates heard all the evidence. There is also nothing in the record demonstrating that Johnson would have suffered actual prejudice as a result of the substitutions. A motion for a mistrial therefore would have been meritless. And Johnson has offered no argument which would suggest the decision not to seek a mistrial was nonstrategic. Accordingly, trial counsel's failure to so move was not constitutionally deficient.

### IV
### Ground Two: Dismissal of Jurors

The trial court dismissed two separate jurors. First, on the second day of trial, Juror #10 informed the trial court "that she had to rush her child to a doctor in Jackson and she won't be here." Doc.# 9-4 at PageID 573. The trial judge informed the attorneys that "[i]f she's not here, obviously, she will have to be replaced." *Id*. Later, at the close of evidence (but before closing arguments), a second juror, Juror #3, was replaced with an alternate at the state's insistence (and over Johnson's objection) for "touching" and "smiling" at someone sitting with Johnson's family. Doc. #9-5 at PageID 751–52. Before his dismissal, Juror #3 testified that he received an "arm bump" from someone with Johnson's family but that he responded, "no don't talk to me." *Id*. at

11

Page ID 748–49.

While the replacement of a holdout juror *during deliberations* may implicate constitutional concerns,[3] a pre-deliberation "allegation of improper discharge of a juror is generally an issue of state law not cognizable on habeas review." *Retallack v. Demarse*, No. 15 Civ. 0135, 2015 WL 10682147, at *2 (S.D.N.Y. June 8, 2015). Although the Court can conceive of a pre-deliberation juror substitution which would undermine the constitutional right to a trial by an impartial jury— that is if, for some reason, the alternate juror is incapable of "properly and impartially apply[ing] the law to the facts,"[4]—there is no allegation or indication that either substitution rose to such an egregious level. *See Patino v. California*, No. 19-cv-02151, 2020 WL 2749757, at *16 (N.D. Cal. May 27, 2020) ("[T]he mere dismissal of a juror simply is not enough to show a violation of the constitutional right to a trial by jury."). Because Johnson has failed to show a violation of a constitutional right with respect to Ground Two, this claim must be denied.

## V
## Ground Three: Ineffective Assistance of Appellate Counsel

Finally, it is undisputed that Johnson failed to raise any issue of ineffective assistance of appellate counsel in state court so as to render his claims procedurally defaulted. Because, once again, no grounds have been offered to excuse the procedural default, Johnson's petition is denied with respect to Ground Three.

## VI
## Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse

---

[3] *See Wofford v. Woods*, 969 F.3d 685, 707 – 09 (6th Cir. 2020) (discussing federal law on removal of jurors during deliberations).

[4] *Lockhart v. McCree*, 476 U.S. 162, 175 (1986).

to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Based on the *Slack* criteria, the Court finds a COA should not issue in this case.

## VII
## Conclusion

For the reasons above, Johnson's petition for a writ of habeas corpus [1] is **DENIED**. A certificate of appealability is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 30th day of November, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**