IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEXTER JOHNSON**                                                                                        **PETITIONER**

**V.**                                                                                        **NO. 4:17-CV-117-DMB-JMV**

**WARDEN TIMOTHY OUTLAW, et al.**                                                **RESPONDENTS**

### ORDER

On November 30, 2020, this Court issued both an order denying Dexter Johnson's petition for a writ of habeas corpus and a corresponding final judgment. Docs. #11, #12. On January 8, 2021, this Court received from Johnson a notice of appeal. Doc. #13. The notice of appeal includes a certificate of service signed by Johnson stating that the notice of appeal was placed in the mail on December 14, 2020. *Id*. at PageID 1193.

On March 8, 2021, the Fifth Circuit Court of Appeals issued an order remanding this case for a determination of whether Johnson's notice of appeal was timely filed. Doc. #16. The order stated that (1) "the final day for filing a timely notice of appeal was December 30, 2020," (2) "[a] prisoner's pro se notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing;" and (3) based on the apparent conflict between the date of receipt and the certificate of service, "it cannot be determined from the record … whether [Johnson] delivered the notice of appeal to prison officials for mailing on or before December 30, 2020." *Id*. at 1–2.

The next day, United States Magistrate Judge Jane M. Virden issued an order directing Johnson to file within twenty-one days "documentation regarding the date he presented his Notice of Appeal to prison officials for mailing." Doc. #17. Johnson acknowledged receipt of the order on March 12, 2021, Doc. #18, but has not submitted documentation as ordered.

An appellant has the burden of establishing a notice of appeal was timely. *Stevens v. Heard*, 674 F.2d 320, 323 (5th Cir. 1982). Accordingly, a prisoner has "[t]he burden to demonstrate he timely placed the notice of appeal in the prison mail system." *Walker v. Stephens*, No. 3:14-CV-1596, 2015 WL 1401683, at *2 (N.D. Tex. Mar. 25, 2015). An inmate can satisfy this burden in one of two ways:

> (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

*Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005). A certificate of service, standing alone, is insufficient to prove a timely filing. *See* Doc. #16 (noting, notwithstanding Johnson's certificate of service, timeliness could not be determined from the record); *Mitchell v. Medina*, No. 12-cv-251, 2012 WL 1578737, at *4 (D. Colo. May 4, 2012) (collecting cases).

Here, Johnson's certificate of service contains no reference to a legal mail system at the prison. Nor was the document notarized or executed under penalty of perjury. And though ordered to do so, Johnson has submitted nothing for the Court to consider regarding when he placed his notice of appeal in the prison mail system. Under these circumstances, Johnson has failed to satisfy his burden of showing the timeliness of his notice of appeal. The Clerk of Court is **DIRECTED** to return this case to the Fifth Circuit Court of Appeals.

**SO ORDERED**, this 10th day of May, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**